CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 8 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

UNITED STATES OF AMERICA,     )
                              )     Civil Action No. 5:04-CR-00025-02
                              )
v.                            )
                              )     **MEMORANDUM OPINION**
CHRISTINE SWEENEY DANOS,      )
                              )     By: Hon. Glen E. Conrad
          Defendant.          )     United States District Judge

On December 22, 2004, the defendant, Christine Sweeney Danos, was indicted, along with a number of other defendants, in Count I of a two count indictment with conspiracy to distribute 50 grams or more of crack cocaine under 21 U.S.C. § 846. The indictment, which was returned during the interim between Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S.Ct. 738 (2005), also listed several "special findings" which would enhance defendant's sentence under the Federal Sentencing Guidelines. Subsequently, the defendant communicated to the court, through counsel, that she was considering a plea of guilty to Count I pursuant to a plea agreement. The plea agreement, which was formulated after the decision of the United States Supreme Court in United States v. Booker, supra, provided that the parties had agreed to recommend that the court disregard the "special findings" provision in the indictment. Instead, the parties agreed that the court would consider the special enhancement factors under the "preponderance of the evidence" standard, as contemplated by Booker.

The court referred the case to the United States Magistrate Judge for a hearing under Rule 11 of the Federal Rules of Criminal Procedure. The Magistrate Judge conducted the hearing and submitted a report to the court in which he recommended that the guilty plea be accepted. In that report, the Magistrate Judge indicated that defendant had pled guilty to the "special findings." Defendant

objected to the report and recommendation, arguing that she had only pled guilty to the conduct charged under the statute and not to "special findings" made by the grand jury under various Guideline provisions.

Having considered the matter, the court is of the opinion that defendant's objection to the report and recommendation must be sustained. Clearly, the plea agreement provides that the defendant was not admitting responsibility for the conduct charged in the "special finding" provision of the indictment. The plea agreement manifests the clear intent that these matters be committed to the court for consideration at sentencing under a preponderance of the evidence standard.

Thus, the defendant's guilty plea shall be accepted, recognizing, however, that defendant has only accepted responsibility for conspiracy with intent to distribute 50 grams or more of crack cocaine. Findings necessary to apply the Advisory Sentencing Guidelines will be made at the time of sentencing.

An appropriate order will be entered this day. The Clerk is directed to send certified copies of this Memorandum Opinion to all parties.

ENTER: This 28th day of November, 2005.

_____
United States District Judge

Case 5:04-cr-00025-GEC   Document 283   Filed 11/28/05   Page 2 of 2   Pageid#: 590